IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ROBERT LEE BROWN,** | : |
| **Plaintiff,** | : |
| V. | : NO. 5:22-cv-00254-TES-CHW |
| **UNIT MANAGER COLETTE LEWIS,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

Plaintiff Robert Lee Brown, a prisoner in the Bostick Nursing Center in Milledgeville, Georgia, has filed a handwritten document that has been docketed as *pro se* complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. He has also filed a handwritten motion to proceed *in forma pauperis*. Declaration in Support of Mot. to Proceed *In Forma Pauperis*, ECF No. 3. Neither of these filings was on the proper form, however, and the motion to proceed *in forma pauperis* lacks the necessary supporting documentation. If he wants to proceed with this action, Plaintiff is **ORDERED** to refile his complaint and motion to proceed *in forma pauperis* on the proper forms. The motion to proceed *in forma pauperis* must be supported by Plaintiff's certified trust fund account statement and a printout showing his account transactions for the six months before he filed the complaint.

Plaintiff has also filed a motion to appoint counsel. Mot. to Appoint Counsel, ECF No. 3. In this motion, Plaintiff asserts that he is unable to afford counsel; that his imprisonment will limit his ability to litigate his case, which involves complex issues; a

trial will involve conflicting testimony, which counsel would be better able to present; and that he has attempted to find an attorney to no avail. *Id.* at 1-2.

As this is Plaintiff's first request for counsel in this case, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, this case does not present the type of exceptional circumstances that warrant the appointment of counsel at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

As set forth above, Plaintiff is **ORDERED** to file a recast complaint and a motion for leave to proceed *in forma pauperis* on the proper forms and with the proper supporting

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

documentation.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this order to comply.  Plaintiff's failure to fully and timely comply with this order may result in the dismissal of Plaintiff's complaint.

The **CLERK** is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 prisoner complaint form and a motion for leave to proceed *in forma pauperis*, with the appropriate account certification form, along with his service copy of this order (with the civil action number showing on all).  There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 9th day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge